# CASES

# APPELLATE COURTS OF ILLINOIS.

### SECOND DISTRICT—DECEMBER TERM, 1888.

CITY OF ELGIN

v.

FRANCIS McCALLUM.

*Municipal Corporations—Streets—Change of Grade—Damages—Instructions.*

In an action brought to recover damages suffered by a property owner through the change in the grade of a street, his buildings having been erected according to the grade given him by the city engineer, this court declines to interfere with the verdict for plaintiff, the evidence being sharply conflicting.

[Opinion filed January 10, 1889.]

APPEAL from the Circuit Court of Kane County; the Hon. ISAAC G. WILSON, Judge, presiding.

Messrs. FRANK JOSLYN and SHERWOOD & JONES, for appellants.

Messrs. BOTSFORD & WAYNE, for appellee.

C. B. SMITH, J. This record discloses this state of facts: In the year 1878 Francis McCallum, appellee, purchased lot

11, block 21, Gifford addition to the city of Elgin, and that since buying the lot he graded it and built a residence and a blacksmith shop on it at a cost of about $2,500. Before making these improvements appellee went to the city engineer and informed him of his purpose to improve and build on his lots and to put up permanent and valuable improvements, and asked the engineer to give him the correct grade of the street and sidewalk, so that appellee might conform thereto in his grade and in the erection of his buildings. In pursuance of this request the engineer went with him and gave him the grade. Thereupon appellee graded his lot and built his house and shop to the grade so given him, and the sidewalk was then brought up to a level with the entrance of his shop. In 1885 the city determined to raise the grade of the street and sidewalk in front of appellee's property, and notified him that he must raise his sidewalk about eighteen inches above its former place and grade. The city notified appellee to raise his walk to the new grade. Appellee protested against the change on account of the inconvenience and damage that would result to him, and refused to comply with the request to raise the walk in front of his lot. The city thereupon raised the walk to the new grade, setting it on posts and stringers. The new sidewalk came about half way up the fence in front of plaintiff's lot, cutting off all ingress and egress to the lot except to foot men, and also made it necessary for appellee to construct an incline approach from the street up to the top of the walk in front of his shop and then to construct a decline from the walk down into the shop. It is conceded by all the witnesses that the change in the grade has made it inconvenient to get on plaintiff's premises or into his shop.

For this alleged injury this action is brought. The defendant pleaded the general issue. A trial was had, resulting in a verdict for appellee for the sum of $400. After overruling a motion by appellant for a new trial, the court rendered judgment for appellee on the verdict, and appellant brings the case here upon appeal, and asks for a reversal on two grounds: First, because the verdict was against the evidence; and sec-

ond, because the court erred in giving instructions for the appellee.

The case was tried once before, resulting in a verdict for appellee for about the same amount as the present verdict. The case was appealed to this court and reversed on account of an erroneous instruction given for appellee below.

On the last trial below quite a large number of witnesses were called by the respective parties, and, as is usual in such cases, there was a wide difference of opinion as to the effect of raising the grade upon the market value of appellee's premises. Most of appellee's witnesses estimated his damages from four to six hundred dollars, while appellant's witnesses, as a rule, gave it as their opinion that he had suffered no damage, but that his property had rather been benefited by raising the walk. The jury had all these witnesses before them, and were far better qualified than we are to determine the value of their evidence. They had to choose between one or the other set of witnesses in giving credit. If they believed appellee's witnesses, then there was abundant evidence upon which to base their verdict. It is the settled rule of the Supreme Court, as well as of this court, not to set verdicts aside because there is a conflict of the evidence. Before we can set aside verdicts for this cause it must appear that the verdict is clearly against the weight of the evidence, or that the jury have been governed by passions or prejudice, and that injustice has been the result of their finding. And this rule applies with double force after two juries have found the same way. We think the verdict is supported by the evidence.

Complaint is made that the court erred in giving plaintiff's first instruction and in modifying appellant's second instruction. We have carefully examined these instructions, and think there was no error in the court in giving the first one as asked, nor in modifying the second one before giving it. The objections to the instructions are exceedingly technical, and we think they are not open to the objections urged. The jury was correctly instructed.

Seeing no error in the record, the judgment will be affirmed.                          *Judgment affirmed.*